UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BENJAMIN CHAFETZ,
on behalf of himself and all others similarly situated,

                      Plaintiff,

-against-

BNA FINANCIAL SERVICES, INC.

                      Defendant
----------------------------------------------------------------x

**08 CIV. 2871**

CLASS ACTION COMPLAINT

    Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Benjamin Chafetz (hereinafter "Chafetz") is a resident of the State of New York, Rockland County. On or about September 18, 2007, plaintiff received a debt collection notice from defendant BNA Financial Services, Inc.

5. Defendant BNA Financial Bureau Inc. is a Tennessee Corporation (hereinafter "BNA") engaged in the business of collecting debts with its principal place of business located in Smyrna, Tennessee. Defendant regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are employees, associates or partners of defendant.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692g(a)(3), 1692g(a)(4) and 1692e(10).

   b. Whether plaintiff and the Class have been injured by the defendant's conduct;

   c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about September 18, 2007, defendant sent an initial collection letter to plaintiff, demanding payment of a debt allegedly owed to Good Samaritan. A copy of said letter is annexed hereto as **Exhibit A**.

16. The collection letter stated:

"Should you have already paid this balance, please disregard this letter."

17. Said directive to the consumer to disregard the notice contradicts and overshadows the consumer's requirement to dispute the debt, which functions to divest the consumer of his statutory protection which are preserved by communicating with the debt collector and are waived by disregarding the debt collector.

18. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

19. Each of the above allegations is incorporated herein.

20. Defendant's debt collection letter violated and overshadowed various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692g(a)(3), 1692g(a)(4) and 1692e(10).

21. As a result of defendant's violation of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a declaratory Order requiring defendant to make corrective disclosures;

c) Awarding plaintiff statutory damages;

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a declaratory Order requiring defendant to make corrective disclosures;

c) Awarding plaintiff statutory damages;

d) Awarding class members the maximum statutory damages;

e) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

f) Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: March 18, 2008
Uniondale, New York

_____
Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile (888) 522-1692

Case 7:08-cv-02871-CLB    Document 1    Filed 03/18/2008    Page 7 of 8

Exhibit A

**BNA FINANCIAL BUREAU, INC.**
8000 Safari Dr ♦ Smyrna TN 37167-6605
(615) 836-0100 or Toll Free (800) 727-3032

September 18, 2007
Account Number: 9625260
Creditor: Good Samaritan

| Account Number | Patient Name | Balance |
|---|---|---|
| 9625260 | Chafetz Benjamin | 20.00 |

Total Amount Due: $20.00

Your past due account has been placed with this collection agency. If you are aware of any reason for non payment of this amount, or you need to arrange a satisfactory settlement, please call us at 800-727-3032. If we do not hear from you, we will expect the balance promptly. Should you have already paid this balance, please disregard this letter.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. This collection agency is licensed by the collection service board, state department of commerce and insurance, 500 James Robertson Parkway, Nashville, TN 37243. North Carolina Department of Insurance Permit # 3785.

***California residents please see reverse for important information***

If you wish to pay by VISA or MasterCard, fill in the information below and return the entire letter to us.

Account Number
| | | | | | | | | | | | | | | |
Payment Amount  $
Expiration Date   /
Card Holder Name
Signature of Card Holder          Date

***Detach Lower Portion And Return With Payment***                    VONHNAF01206

---

PO Box 899
Smyrna TN 37167-0899
RETURN SERVICE REQUESTED

**BNA FINANCIAL BUREAU, INC.**
(615) 836-0100 or Toll Free (800) 727-3032

September 18, 2007

1663566-206  0223685  0079457
Benjamin Chafetz
116P Edison Ct
Monsey NY 10952-1955

PLEASE MAKE YOUR CHECKS PAYABLE TO:
GOOD SAMARITAN
Lockbox #404310
Atlanta Ga 30384-4310

Total Amount Due: $20.00
Account #: 9625260
Patient: Chafetz Benjamin
Amount Enclosed $_____

